**UNITED STATES of America**

v.

**Oliver L. NORTH.**

**Crim. No. 88–0080–02.**

United States District Court,
District of Columbia.

Feb. 17, 1989.

## MEMORANDUM AND ORDER REGARDING QUID PRO QUO ADMISSION

GESELL, District Judge.

The attached form of a substitution containing admissions by the United States, presently filed under seal, is approved by the Court after a series of pretrial hearings and after consideration of a number of proposals directed toward developing a candid, frank and understandable admission relating to this aspect of the case. This substitution is the 44–page document submitted on February 17, 1989 as modified, containing admissions of fact only by the United States. Classified information relating to any admission shall not be introduced in evidence by either party except as authorized herein.

After considering the position of the parties and carefully studying the text in the light of the issues pending in the case and the Court's knowledge of the underlying classified information, the Court finds: (1) that the substitution will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified documents or information, and (2) that because the substitution is broad and includes some background information only remotely relevant and not necessarily material in all respects to the defense, and presents in an understandable, organized form for the jury the facts and events contained in a mass of miscellaneous documents of varying significance which it would be difficult for a jury to piece together even with the benefit of trial, the substitution thus provides the defendant with, at the worst, only an insignificant tactical disadvantage given the qualifications noted below.

The Court reserves the defense right to rebut with classified information specific information offered by Independent Counsel relating to the information otherwise protected by the substitution. That is, if the Independent Counsel delves into details of the *quid pro quo* arrangements not specified in the substitution to prove a particular claim, the defense may properly examine witnesses on this information using classified information to rebut the claim.

If a material fact contained in properly noticed information is not found in the substitution and the defendant needs to elicit this fact for proper cross-examination, such as to impeach credibility, the defendant may with advance permission of the Court introduce the underlying document (or classified fact) in a form consistent with the Court's prior orders mentioned herein, unless a further admission is immediately obtained.

The government has refused to accept a substitution relating to possible concealment of the *quid pro quo* arrangements by high government officials either as a fact or policy. In accord with the Court's January 19, 1989 Order, the defendant shall be entitled to present information from classified materials noticed, if any exists, to establish that any member of the National Security Council, the National Security Advisor, or the then-President or then-Vice President instructed, directed, or openly encouraged or condoned any of defendant's alleged concealments, obstructions or incorrect responses as particularized in the indictment. Introduction of this information is subject to the restrictions contained in the January 19 Order at page 7 relating to origin of the document, the restrictions of Exhibit A of the Government's Motion for Final Pretrial Clarification Concerning Classified Information as modified by the Court's February 14, 1989 Order, the December 12, 1988 Order and other restrictions ordered by the Court.

The substitution accepted does not contain references to legal opinions. Those properly noticed by the defendant or in the Government's CIPA § 5 notices may, therefore, be introduced subject to the Court's CIPA Orders.

The Court finds that under the rulings covered above, the defendant will not stand in a worse position, and that his rights to a fair trial have not been prejudiced. It approves the substitution for use by either party pursuant to the provisions of CIPA § 6(c)(1) subject to the qualifications and prior orders noted.

The substitution will be placed in the public record immediately following opening statements and may be used in whole or in part by counsel on either side during opening statements and throughout the trial.

SO ORDERED.